## FREEBORN GIBSON
### V.
## JAMES LEONARD.

*Personal Injuries—Negligence—Ordinance—Member of Fire Patrol— Unguarded Elevator Shaft—Landlord and Tenant.*

1. An owner is liable for personal injuries to one rightfully upon leased premises occasioned by some defect existing at the time of the demise thereof.

2. An allegation of duty is surplusage; if the facts stated raise the duty, the allegation is unnecessary; if they do not, it is unavailing.

3. A stranger, under stress of duty. entering the premises of another, closed for the night, can not recover for personal injuries suffered by him, through the failure of the owner to have appliances therein ready for use.

4. In an action for the recovery of damages for personal injuries alleged to have been occasioned by the negligence of another, whether, upon the facts stated in the declaration, the defendant owed any duty to the plaintiff, is a question of law for the court, and whether they were proven, a question of fact for the jury.

[Opinion filed November 11, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. BRANDT & HOFFMANN and J. S. KENNARD, JR., for appellant.

Section 1 of Chapter 142 of the Revised Statutes, entitled, "Underwriters' Patrol," under which the organization that Gibson belonged to was constituted and existed, provides for the organization, and proceeds as follows, viz.: "And the better to enable them (the members of the patrol) so to act with promptness and efficiency, full power is given such superintendent and such patrol *to enter* any building on fire or which may be exposed to or in danger of taking fire from other burning buildings, subject to the control of the fire marshal of the city, and at once *proceed to protect* and endeavor to save the property therein and to remove such property or any part thereof from the ruins after a fire."

Not only had Gibson an express statutory right to be where he was at the time he was hurt, but any private citizen has at common law a right to enter upon the land or premises of another to save property from fire, shipwreck or other similar peril, and in so doing he is not a trespasser. This is so elementary as to justify the citation of but a few authorities.

In Taylor v. Plymouth, 8 Metcalf, 465, Shaw, C. J., said: "The pulling down of a building in a city or compact town in time of fire is justified upon the great doctrine of public safety, when it is necessary. Mouse's Case, 12 Co. 63. In 12 Co. 13, Lord Coke, putting the case as an illustration of a general proposition that what the immediate safety of the public requires is justifiable, says, 'for saving of a city or a town, a house shall be plucked down if the next be on fire.' It is one of those cases to which, says Mr. Justice Buller, 'the maxim applies, *salus populi suprema est lex.*' 4 T. R. 797."

In Metallic Compression Casting Co. v. Fitchburg R. R. Co., 109 Mass. 277, in order to extinguish a fire it was necessary to lay a hose across a railroad. The fee of the ground on which the railroad was constructed was in the railroad company. The railroad company ran a train on its track across the hose and severed it, and the building was in consequence burned. Held, the company was liable to the owner of the building for its value.

In Hyde Park v. Gay, 120 Mass. 589, a fire occurred on Sunday. In order to extinguish it, hose was laid across a railroad track, which was on land belonging to the railroad company. The com-

pany ran a gravel train across the hose and severed it. Held, the company was liable for the value of the hose. The court said: "The fact that the defendant, by its servants and agents, was running a train of cars in violation of the statute regulating the observance of the Lord's day, has an important and material bearing on the relative rights and duties of the parties at the time of the accident. It affects the question of the care required of both. The persons in charge of the hose, in the absence of positive information, had a right to expect that no train would be run on that day contrary to law. And those in charge of the train were for that reason required to exercise greater caution toward them. The jury could not have been properly told, as requested by the defendant, that the rights of the parties were no different from what they would have been on any other day. Wright v. Madden & Melrose Railroad, 4 Allen, 283, 290; Lane v. Atlantic Works, 111 Mass. 136."

In Parker v. Barnard, 135 Mass. 116, the plaintiff was a police officer of Boston, and in discharge of his duty to see that the doors and windows of buildings were properly secured, stepped into the elevator entrance of a building in the night time to light his candle, and there fell into an unguarded elevator shaft. The statute provided that guards should be around elevator shafts, but none were around this one. It was held that the owner of the building was liable to the policeman for the injuries he sustained. The case is directly in point in the case at bar, and conclusive of appellant's right to recover. Among other things, the court said:

"'It is a very ancient rule of the common law,' says Chief Justice Gray, 'that an entry upon land to save goods which are in jeopardy of being lost or destroyed by water, fire or other like danger, is not a trespass.' Proctor v. Adams, 113 Mass. 376. As individuals may thus enter upon the land of another, firemen may do so for the protection of property officers of the law for similar purposes, and, under proper circumstances, for the arrest of offenders or the execution of criminal process. The right to do this may be in limitation of the more general right of property which the owner has,

Gibson v. Leonard.

but it is for his protection and that of the public. Metallic Compression Casting Co. v. Fitchburg Railroad, 109 Mass. 277, 180; Hyde Park v. Gay, 120 Mass. 589, 593; Commonwealth v. Tobin, 108 Mass. 426; Commonwealth v. Reynolds, 120 Mass. 190; Barnard v. Bartlett, 10 Cush. 501.

"The owner or occupant of land or a building is not liable, at common law, for obstructions, pitfalls, or other dangers there existing, as in the absence of any inducement or invitation to others to enter, he may use his property as he pleases. But he holds his property subject to such reasonable control and regulation of the mode of keeping and use as the Legislature, under the police power vested in them by the constitution of the commonwealth, may think necessary for the preventing of injuries to the rights of others and the security of the public health and welfare.' Blair v. Forehand, 100 Mass. 136. When, therefore, in the construction or management of a building, the Legislature sees fit to direct by statute that certain precautions shall be taken, or certain guards against danger provided, his unrestricted use of his property is rightfully controlled, and those who enter in the performance of a lawful duty, and are injured by the neglect of the party responsible, have just ground for action against him. Were the case at bar that of a fireman, who, for the purpose of saving the property in the store, or for the prevention of the spread of fire to other buildings, lawfully entered in the performance of his duties, and who was injured because there were no railing and trap-doors guarding the elevator well, he would have just ground of complaint that the protection which the statute had made it the duty of the owners or occupants to provide had not been afforded him. The act is not to be limited in its operation to the protection of firemen. 'There is no rule,' says Mr. Justice Morton, 'better settled, than that the title of an act does not constitute a part of the act.' Charles River Bridge v. Warren Bridge, 1 Pick. 344, 345. But if the title were of importance, the object of the act is asserted to be the 'better preservation of life and property,' as well as 'the more effectual prevention of fire.' The case of an officer, who, with lawful process to justify it, enters

to make an arrest, or that of one who enters lawfully to pro-
tect property, does not differ in principle from that of the
fireman, which we have considered. Like him, they are
within the building in lawful performance of their duty.
Even if they must encounter the danger arising from neglect
of such precautions against obstructions and pitfalls as those
invited or induced to enter have a right to expect, they may
demand, as against the owners or occupants, that they observe
the statute in the construction and management of their build-
ing."

Messrs. S. LEONARD BOYCE and H. H. MARTIN, for appellee.

GARY, J.    The appellant, Gibson, was a member of the Fire
Insurance Patrol in the city of Chicago, and as such no ques-
tion is made as to his duty and right to enter a burning build-
ing at any hour of day or night to save property therein.

The appellee was the owner of a building on West Lake
street in Chicago, occupied for business purposes, the ground
floor and basement as a wholesale liquor store.    The appellee
had demised that portion of the premises, but four weeks
before the accident, which is the subject of this suit, and the
defects which are complained of, if they were defects, existed
at the time of the demise.

His responsibility is, therefore, the same as if he had occu-
pied the premises himself.    The authorities are collected in
Wood on Landlord and Tenant, Sec. 539.    Even an agent of
the landlord, having control of the premises, is responsible
for their condition when demised.    Baird v. Shipman, 132
Ill. 16.

The supposed defects complained of, were in a hoisting ap-
paratus, called by the appellant an elevator, between the base-
ment and ground floor.    When the appellant went into the
building, near midnight on the 28th day of May, 1888, the
platform of this elevator was at the bottom of the basement,
with a load upon it.    Other members of the patrol put that
load off, and raised the platform to the first floor.

Under the direction of the officer in command of the patrol,

the appellant and five others of the patrol then got upon
the platform to go into the basement, and when near the bot-
tom the rope holding the counter weight broke; the weight
fell upon the appellant's leg, and as a consequence it became
necessary to amputate it near the hip.    Evidence was put in
on both sides, but the court instructed the jury to find for the
defendant.

If the appellee can be made liable under the circumstances
stated, the questions of any defects in the elevator, and of care
by the appellant and his associates in using it, should have
been, being questions of fact, left to the jury.    But the duty
of the appellee is a question of law.    That is, the question
whether, upon the facts stated in the declaration, the appellee
owed any duty to the appellant, is a question of law; whether
they were proved would be for the jury.

The first branch of this proposition is the point of the decis-
ion in Seymour v. Maddox, 16 A. & E. N. S. 326.    An alle-
gation of duty, in words, is always surplusage; if the facts
stated raise the duty, the allegation is unnecessary; if they
do not, it is unavailing.    See case last cited above.

The appellant relies upon Parker v. Barnard, 135 Mass.
116, as a conclusive authority in his favor.    A statute pro-
vided that guards should be around elevator shafts.    A
policeman, in the discharge of his duty, stepped into the
entrance to the elevator in the night, and because there was
no guard around it, fell in and was injured.    He was held
entitled to recover, and that he was within the class or classes
for whose protection the statute was enacted.

To give this case a similitude to that, the declaration sets
out several sections of city ordinances as to the construction
and inspection of elevators, and guarding machinery, and the
appellee insists that as he proved the allegations of his decla-
ration, he was entitled to a verdict, whether his declaration is
good or not.

No case has been cited, and doubtless none can be found,
that holds that a proprietor of any kind of mechanical move-
ment is under any duty, when he closes his place of business
at night, with the mechanism at rest, to leave it in such condi-

tion that a stranger, under any stress of duty, may enter during the night and operate it with safety. It is not a trap or pitfall into which one might walk when exercising all reasonable care. If any of the ordinances had any relation to this hoisting apparatus, the neglect of what they required, did not add anything to the duty the appellee owed to anybody whom he had not in fact, invited, expressly or impliedly, to use it, or for whom, by law, he was not required to keep it ready for use. Armstrong v. Medbury, 67 Mich. 250; Mathews v. Bensel, 51 N. J. Law, 30.

The law gives a license to enter upon private property to save property from fire (Cooley on Torts, 313, star page), but charges the proprietor with no duty toward those who enter. Ibid. 304.

Full proof of a declaration showing no cause of action and that can not be made better by any amendment, does not entitle the plaintiff to a verdict. U. S. Rolling Stock v. Chadwick, 35 Ill. App. 474.

The case was rightly decided in the Superior Court and the judgment is affirmed.

*Judgment affirmed.*