THE CHICAGO CONSOLIDATED BOTTLING COMPANY

v.

EDGAR J. MITTON.

*Master and Servant—Negligence of Master—Personal Injuries—Pleading.*

1. A person in control of premises is responsible for such defects in them as would be likely to injure any one properly using them, of which defects he had notice, or in the exercise of reasonable care would have had, but he is no insurer. The duty is to exercise reasonable care.

2. An allegation of duty is surplusage; if the facts stated raise the duty, the allegation is unnecessary; if they do not, it is unavailing.

3. An instruction amounting to the assertion that however careless or reckless the plaintiff may have been, reliance by him upon a statement of a superior servant as to the condition of that portion of given premises subsequently causing him personal injury, excused such conduct, should not be given.

4. In the case presented, this court holds that responsibility, if any, for a statement made by the manager of defendant corporation, rested upon him and not upon the company.

[Opinion filed June 25, 1891.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. A. B. Jenks and James Maher, for appellant.

Messrs. Woolfolk & Browning, for appellee.

Gary, J. The testimony of the appellee is that he made a contract with the appellants to wash the windows of a building occupied by them, for $25 per month. The next day he began to wash them, beginning with the first floor. The day before he started on the upper story, he asked the manager for the company if the windows on the upper floor were like those on the first floor, and he said: "Yes. How did you find the windows?" The appellee replied: "Some of them work hard. How are the windows above?" The manager answered: "They are all right, hurry up and get the job done." The appellee then went to wash an upper window, hoisted the lower sash and got outside to stand on the window sill and wash the upper sash, holding on to the sash, when it pulled out from the fastenings and he fell to the ground, sustaining very severe injuries. If he is entitled to recover at all, the damages awarded are very moderate. It does not appear that the officers, agents or servants of the company had any notice of any defect in the fastenings of the window, or that the appellee in washing a window would stand on the sill outside holding on to any part of the window. The conversation about the windows as narrated by the appellee, related appar-

ently to the greater or less effort required to raise them. In any view, the appellee had better means of knowing the condition of the window than the manager of the company had, who can not be presumed, in the absence of any evidence, to have examined it.

Less than ordinary care on the part of the appellee would have led him, before he trusted to the sufficiency of the window fastenings to sustain such a portion of his weight as might be pulling on them, to look to them. He made no examination of them at all.

That one in control of premises is responsible for such defects in them as would be likely to injure any one properly using them, of which defects he had, or in the exercise of reasonable care would have had notice, is a principle which this court has enforced with as much emphasis as any court probably ever did. Opinion of Garnett, J., adopted by the Supreme Court in Baird v. Shipman, 132 Ill. 16. But still that responsibility is not that of an insurer. The duty is to exercise reasonable care. Borman v. Sandgren, 37 Ill. App. 160.

If it was the duty of the company to keep or exercise reasonable care to keep the windows in such condition that a man might stand on the outside, and avoid falling by holding on to them, the special circumstances upon which that duty arises should be so stated in the declaration, that the law will imply the duty without any averment of it. Gibson v. Leonard, 37 Ill. App. 344.

Among the instructions to the jury was this: "If you find from the evidence that the manager of the defendant made any statement to the plaintiff in regard to the condition of the windows, then if you further find from the evidence that the plaintiff relied on such statement, and in consequence thereof proceeded to wash the windows in a different manner than he otherwise would have done, and that the condition was not as represented, and that the plaintiff fell in consequence of these things, then the defendant would be liable."

The supposed statement was not at the time of the making of the contract, nor was it any part of it. If there be any

responsibility for that statement, it is upon the man who made it, not upon the company.

The instruction is erroneous in two respects; first, in charging the company for what is not the act of the company; and second, in grounding a right to recover upon the hypothesis that if the statement was made and the plaintiff relied upon it, and in consequence washed in a different manner than he otherwise would, and the statement was not true, and he fell in consequence.

However careless or reckless his own conduct, his reliance upon that statement is by that instruction, made an excuse. The injury to him may fairly be attributed to his own want of ordinary care.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*