Funk v. Piper.

## Funk v. Piper, Administrator, etc.

1. PLEADING—*Elementary Principles—Actions in Case—Implied Duty.*—In some cases a duty is implied from the mere profession or employment of the defendant, as a surgeon or an innkeeper, in others from the relation of things to each other, as a railroad crossing or public highway, but in all cases the declaration of negligence must show such facts as by law make it a duty to do the thing neglected, or it will be bad after verdict.

2. PLEADING—*Declaration Showing No Cause of Action.*—A declaration which does not show a cause of action is not cured by a verdict. Nothing waives or cures such an error.

Memorandum.—Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 1, 1893.

The statement of facts is contained in the opinion of the court.

OLIVER & SHOWALTER, attorneys for appellant.

APPELLEE'S BRIEF, MARCUS KAVANAGH, AND CASE, HOGAN & CASE, ATTORNEYS.

It was contended that, while the criticism that the declaration is inartistically drawn, may be just and proper, still there is no failure on the part of the declaration in charging that the death of said deceased was caused by the neglect and want of care, caution or effort on the part of the said defendant, Ernest Funk, to avoid accident, injury or damage to the deceased. Now, while the declaration might have been obnoxious to special demurrer on the grounds of duplicity, multifariousness or uncertainty, these defects are cured by the verdict. Chitty's Pleadings, 9th American Edition, Sec. 678 and 679; Revised Statutes of Illinois, Chap. 7, Secs. 6 and 7; Barker v. Koozie, 80 Ill. 207; Kelly v. Valentine, 17 Brad. 88; North Chicago Ry. Co. v. Cotton (Ill.), 29 N. E. Rep. 901; Byrne v. Beadle, 2 Hurl. & Co. 722; Scott v. Dock Co., 3 Hurl. & Co. 596.

"Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issues joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict." 1 Chitty's Pl. (7th Am. Ed.) 712, 713; see also, Gould's Pl. Sec. 13; Chicago & E. I. Ry. Co. v. Hines, 132 Ill. 161.

OPINION OF THE COURT, GARY, P. J.

Elementary principles are constantly disregarded in declaring in actions for negligence.

Many cases come before us in which the declarations allege simply that it was the duty of the defendant to do the thing described, or that the defendant was negligent in not doing it, in either case without averment or recital of facts

or circumstances from which the law will imply, and therefore the court determine, that such duty existed.

In some cases a duty is implied from the mere profession or employment of the defendant, as a surgeon or an innkeeper; in others, from the relation of things to each other, as a railway crossing a public highway; but in all cases the declaration for negligence must show such facts as by law make it a duty to do the thing neglected, or it will be bad after verdict.

But if what we have heretofore said upon this subject attracts no attention, it is probably useless to say more. Zjednoczenie v. Sadecki, 41 Ill. App. 329; Gibson v. Leonard, 37 Ill. App. 344; Chi. Con. Bot. Co. v. Mitton, 41 Ill. App. 154; and see Ayers v. City of Chicago, 111 Ill. App. 406.

The declaration here states (we copy from appellee's brief):

"And while said deceased was in the exercise of ordinary care and caution, and without any fault or negligence on his, said deceased's, part, and while at a safe distance from said wall, building or partition, and without the fault, negligence or act of any fellow-servant of deceased, the said John Piper was wholly and solely, by reason of the negligence and want of care and caution, or fault on the part of said defendant, Ernst Funk, to avoid accident, injury or damage to this defendant (meaning deceased), so engaged in said employment, was by the falling of said wall, building or partition, and particularly by the fact, as it was, that a large post 6x6 and some twelve to fifteen feet in height, had been negligently, willfully and carelessly and wrongfully suffered and allowed to remain standing in the ground, although he, said defendant, had at one time endeavored to remove the same from said place where it stood, but negligently, willfully, carelessly and with purpose of abandoning the removal thereof, and which post was so left negligently, carelessly, willfully and wrongfully, in front of, and but a few feet from the wall, partition or building so in process of being pulled down or demolished, and so left that when said wall fell, or was pulled or pushed down, under and by

the direction of said defendant, said wall, partition or building fell and struck upon and against the said post so left by the consent, direction and knowledge of the defendant, so standing, and by such falling of said wall, partition or building, caused the said post to snap off or break at or near the upper part thereof, and that the broken part thereof was carried a distance of more than twenty feet to the place where said deceased, John Piper, was so employed in labor as aforesaid, striking him on or about the head and temple, inflicting a fatal blow from the effect of which he, said deceased, John Piper, then and there almost instantly died. And so the plaintiff avers and charges that the death of said deceased, John Piper, was caused by said wrongful, careless, willful·and negligent acts of the said defendant aforesaid."

A post a " few " feet from a wall of a height not named, does not appear to be in the way of the wall, if it be pushed over. Unless the appearance of danger is shown by the declaration, no duty to avoid the danger is shown.

It is truly assigned for error that the declaration does not show a cause of action.

Nothing waives or cures such an error. People v. City of Spring Valley, 129 Ill. 169; Chi. & E. I. R. R. v. Hines, 33 Ill. App. 271; 132 Ill. 161.

The judgment· is therefore reversed and the cause remanded, without referring to the total insufficiency of the evidence to justify a verdict.