## Horatio R. Wilson and Oliver W. Marble v. The Baillargeon Interior Building Co., a Corporation.

1. RECORDS—"*That Which Doth Not Appear Doth Not Exist.*"—Where the clerk of the Circuit Court has certified a complete transcript of the record below, and in it is no plea, it must be taken as true that no plea was ever in the case, and that, notwithstanding the judgment entry says "issues being joined" there never was an issue.

2. PLEADING—*Averring a Duty.*—An averment of a duty without

stating facts from which the law will imply the duty, is insufficient; and where the issues have been joined on such an allegation the objection is good after verdict in arrest of judgment.

**Memorandum.**—Error to the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed March 26, 1894.

The opinion states the case.

W. Heckman, J. G. Elsdon and Craft & Stevens, attorneys for plaintiffs in error.

Geo. E. Swartz and W. E. Hughes, attorneys for defendant in error.*

Mr. Justice Gary delivered the opinion of the Court.

The clerk of the Circuit Court has certified a complete transcript of the record below, and in it is no plea; it must be taken as true that no plea was ever in the case; and that, notwithstanding that the judgment entry says " issues being joined," there never was an issue. But if there had been, the judgment could not be sustained. The declaration shows no cause of action, and that is an objection always open to the defendant when he brings a case into a court of review and assigns it as error. Chi., Mil. & St. Paul Ry. v. Hoyt, 50 Ill. App. 583; Chi. & E. I. R. R. v. Hines, 132 Ill. 161.

We have often said, citing many authorities, that averring, without stating facts from which the law will imply, the duty, is useless. Funk v. Piper, 50 Ill. App. 163. And after verdict, where issue has in terms been joined on the allegation of duty, the objection avails in arrest of judgment. Seymour v. Maddox, 16 Q. B. 71; E. C. L. 326.

Now, here it is averred that the defendant in error was a building contractor; had furnished a large amount of materials for a building; that the plaintiffs in error were the architects; that it was their duty to issue architect's certificates, which duty they maliciously refused to perform.

*Messrs. Swartz and Hughes were retained in this case after it had reached the Appellate Court on error. They had no connection whatever with it in the Circuit Court.—Reporter.

No statement in any form from which any inference can arise that between the owner and contractor there was a contract providing for certificates, and that the architects had accepted a position by which they assumed the performance of such a duty.

It is useless to consider other errors assigned. The declaration is bad, and the judgment is reversed and the cause remanded.