Marianna Pitrowsky, Administratrix of the Estate of Anton Pitrowsky, Deceased, v. The J. W. Reedy Elevator Manufacturing Company.

1. Master and Servant—*Contributory Negligence.*—Where it appears that if there was any negligence on the part of the master, it was negligence of which the servant had knowledge, there can be no recovery of damages.

Memorandum.—Action for damages. Death from negligent act. Error to the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 19, 1894.

The opinion states the case.

Gibbons, Kavanagh & O'Donnell, attorneys for plaintiff in error.

Burton & O'Brien, attorneys for defendant in error.

Mr. Justice Waterman delivered the opinion of the Court.

This was an action brought to recover damages occasioned by the death of Anton Pitrowsky, who, while working for appellee in a foundry, was caught by a revolving shaft, and killed. No one saw him caught. All that is known is that he was told to get a flask, flasks being piled near the shaft, and that he started to go to the place where the flasks were; the next seen of him he was being whirled about by the shaft.

The shaft was supported by a hanger extending about twenty inches below the ceiling; on this hanger the shaft ran, being held in place by collars and set screws; none of these things were boxed or guarded.

The deceased, quite likely, in reaching for a flask, stepped upon a pile of flasks and so came in contact with the revolving shaft.

The plaintiff pleaded the following ordinance of the city

of Chicago, and insisted that by reason of non-compliance therewith the accident occurred.

"Sec. 1074.   In every factory, workshop, or other place or structure where machinery is employed, the belting, shafting, gearing, elevators and every other thing where so located as to endanger the lives and limbs of those employed therein, while in the discharge of their duties, shall be as far as practicable so covered or guarded as to insure against any injury to such employes."

The deceased was some twenty-nine years old, and had been at work in the shop where he was injured for a year.

It does not appear that there was anything in the situation, character or condition of the shaft and its surroundings with which the deceased was not entirely familiar.

If there was any negligence on the part of appellee it was negligence of which the deceased had knowledge.   There was therefore no case presented warranting a recovery of damages.    Beach on Contributory Negligence, Sec. 343; Moultin v. Gage, 138 Mass. 390; Stephenson v. Duncan, 73 Wis. 404; Evans v. Chessmond, 38 Ill. App. 615; Chicago Packing & Provision Co. v. Rohan, 47 Ill. App. 640; E. St. L. P. & P. Co. v. Hightower, 92 Ill. 139; Mo. Furnace Co. v. Ahend, 107 Ill. 44; I. B. & W. R. R. Co. v. Flannagan, 77 Ill. 365; Ch. & G. W. R. R. Co. v. Travis, 44 Ill. App. 466.

The court properly instructed the jury to find for the defendant, and its judgment is affirmed.