Thamm v. Lahey.

------

## Julius Thamm and John Hofert v. Joseph S. Lahey.

1. PLEADING—*Averments of Duty—Surplusage.*—It is not necessary to aver that certain conduct is a duty. If the facts stated raise the duty the averment is surplusage, and if not, it is useless.

2. APPEAL—*Defective Declaration on.*—The question as to whether the declaration shows a cause of action is open on appeal.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 3, 1895.

C. J. MICHELET and STIRLEN & KING, attorneys for appellants.

J. F. KOHOUT, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The declaration of the appellee on which he has recovered judgment against the appellants is that " the defendants had in their possession and control and were engaged in the erection and construction of a certain building fronting on the sidewalk of said 12th street and with an open space or area between the front of said building and said sidewalk opening into the cellar or basement of said building, which area was of the width of, to wit, three feet and of the depth, to wit, eight feet below the surface of said street or sidewalk, which said area or open space it was the duty of the defendants to have guarded and provided with railing, fence or other barrier. Yet the defendants were regardless of said duty and then and there on, to wit, the said 30th day of October, carelessly, negligently and wrongfully, let and suffered the said area to become and remain without any safeguard, fence or railing, or other barrier, so that the said area for want of safeguard and protection became and was dangerous, and merely for want of the same the plaintiff, who was then and there passing on and along said sidewalk, and while exercising ordinary, proper and necessary care on his part, unavoidably fell off of said sidewalk and into said area and down to the ground there, to wit, at Chicago, in said county."

Second count states " that defendants on, to wit, the 30th day of October, in the year 1891, carelessly, negligently and wrongfully left unguarded and without any fence, railing, or other barrier, the area, pit or open space between the sidewalk and a certain building on 12th street near Loomis street, in said city, which building the defendant then and there had in their control and possession and were engaged in the erection and construction thereof, and for want of such guarding by fence, railing or other protection to said area, the plaintiff on, to wit, the 30th day of October,

1891, passing on and along said sidewalk, and in the exercise of ordinary, proper and necessary care on his part, unavoidably stepped and fell into the said area or pit, and was violently thereby precipitated down the same to the ground there, to wit, at Chicago, in said county."

Averment of damage (applicable to both counts), states that, "by means of which said several premises, plaintiff's forehead was fractured, his spine injured and internal injuries sustained, and suffered impairment of eyesight."

We have reiterated that averring that certain conduct was a duty was idle. If the facts stated raise the duty the averment is surplusage, and if not the averment is useless. Funk v. Piper, 50 Ill. App. 163; West Chicago St. R. R. v. Coit, 50 Ill. App. 640. And whether the declaration shows a cause of action is a question open upon appeal. Wilson v. Baillargeon Co., 54 Ill. App. 253.

The allegation that the building in the course of erection was "fronting" on the sidewalk, in connection with the further averment that there was "an open space or area between," does not mean that the building adjoined the sidewalk, but that the front of the building was toward the sidewalk. And "an open space or area" though "opening into the cellar or basement," if excavated, may not be so near to the sidewalk as to expose persons passing along it to any danger of stumbling in. It may be, consistently with the declaration, that the surface of that "open space or area" was in the state of nature, and if below and adjoining the sidewalk, the danger was the result of the erection by the city of the sidewalk above the natural surface.

The word "pit" as used in the second count is not an averment that any pit was dug there.

Describing the place as "area, pit or open space" is no statement that it is either, but only that it is one or another of three. The averment in the first count that the appellee "fell off of said sidewalk and into said area and down to the ground there" and in the second that he "stepped and fell into the said area or pit," add nothing to the description of the premises. The declaration is not sufficient to bring

the case within the rule that "if one shall make an excavation so near the line of the highway that one lawfully making use of the highway might accidentally fall into it, his duty to erect guards against such accidents is manifest, and he will be responsible for injuries occasioned by his neglect to do so. * * * In every instance, the complaining party must point out how the duty arose, which is supposed to have been neglected." Cooley, Torts, 793.

This declaration does not show that the appellants ever had possession or control of, or ever did anything in, the "area, pit or open space;" nor that it was so near the sidewalk as to be dangerous to people walking there.

The judgment is reversed and the cause remanded.