## George M. Eckels, Adm'r, v. The Chicago Ship Building Company.

1. NEGLIGENCE—*Unprotected Gearings.*—It is negligence for employers to so arrange their plants as to expose their employes to needless danger.

**Trespass on the Case.**—Death from negligent act. Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

DUNCAN & GILBERT, attorneys for plaintiff in error.

WALKER & EDDY, attorneys for defendant in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff below, as well as here, sues as the administrator of Frank Kukral, to recover damages for his death, caused, as is alleged, by the negligence of the defendant.

An ordinance of the city, pleaded by the plaintiff, required "gearing," "when so located as to endanger the lives and limbs of" operatives, to be, as far as practicable, covered.

In the shop of the defendant was a very massive shearing machine, used for shearing iron. Part of its construction was two geared wheels, meshing into each other at a height of six feet five inches above the floor and revolving inward on the exposed side. It was practicable to cover that side. Under and about the machine scrap had accumulated—some beside the knives of the machine, not fallen down to the other scrap. The scrap was—as witness remembered it—a pile of eighteen inches in height and four feet in diameter.

To get the scrap from beside the knives first, it would be necessary to step upon the pile.

Frank was a slender lad, four feet, ten inches high, a

"good, smart" boy, thirteen years old, working in the shop on the day he was killed under the direction of one Schule. Schule was starting for instructions when Frank said, "I shall go back of the machine and take the scrap out while you are gone," and Schule replied, "All right, go on."

He went, and the next that is known of him he had been drawn by his right arm into the mesh of the gearing and so injured that he died. The brief of the plaintiff says:

"Nobody saw the exact manner of his being caught. Whether he slipped or missed his footing on the irregular surface of the scrap pile and involuntarily extended his hand to protect himself, or was thus thrust against the gearing, or whether his sleeve caught in the cogs and drew him in, can not be certainly told; but that in some way he became involved in the exposed gearing is fairly and reasonably certain."

That it is negligence for employers to so arrange their plant as to expose their servants, whether infants or adults, to needless dangers, is a doctrine often acted upon by this court. McCormick Harvesting Machine Co. v. Burandt, 37 Ill. App. 165; Bradley v. Sattler, 54 Ill. App. 504.

Except that here the deceased was an infant, this case resembles Pitrowsky v. Reedy Elevator Co., 54 Ill. App. 253, with the danger, if danger there was, more remote than here.

Can it be said that the mesh of gearing six feet five inches above a floor, does endanger lives and limbs? Could it be reasonably anticipated that an employe could ever be caught in it? It is true that these are questions of fact, but if in the facts there is nothing tending to an affirmative answer, then the court was right in instructing the jury to find for the defendant.

In the absence of any evidence of the manner of this tragic accident, we hold that the instruction was right, and the judgment is affirmed.