## Western Wheel Works v. Joseph Stachnick.

1.    BURDEN OF PROOF—*In Actions for Negligence.*—In actions for negligence the burden is upon the plaintiff to allege and prove such negligent acts of the defendant as will entitle him to recover.

2.    PLEADING—*Where the Duty Owed to a Servant is a Question of Law.*—Whether, upon the facts stated in the declaration in an action

for negligence, the defendant owed a duty to the plaintiff, is a question of law.

3.  SAME—*In Action for Personal Injuries.*—In actions for personal injuries, it is not enough for the plaintiff to allege and prove that he was injured by some event which happened upon the premises of the defendant.   He must also allege and prove that the defendant there violated a duty which he then owed to him.

4.  SAME—*Defective Allegations, When Aided by the Verdict and When Advantage May Be Taken of Them on Appeal.*—Where the declaration contains only a defective statement of a cause of action, it is aided by the verdict; but where it contains a statement of a defective cause of action only, advantage may be taken of such defect on appeal.

5.  PRACTICE—*Where the Defendant Does Not Waive Substantial Defects in the Declaration.*—By pleading over and going to trial a defendant does not waive innate and substantial defects of the declarations.   Neither are such defects cured by the statute of amendments and jeofails.

6.  SAME—*Proofs in Actions for Personal Injuries.*—In an action by an employe against his employer for personal injuries, he must show that at the time of the alleged injury, the relation of master and servant existed between them.

7.  SAME—*What is Not Presumed After the Verdict.*—Nothing is to be presumed after the verdict but what is expressly stated in the declaration, or what is necessarily implied from the facts so stated.

8.  SAME—*Where the Declaration Does Not State a Cause of Action Advantage Can Be Taken of It, on Appeal.*—If the declaration does not state a cause of action, nothing waives or cures the error, and advantage may be taken of it on appeal.

**Trespass on the Case,** for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding.   Heard in this court at the October term, 1901.   Reversed and remanded.   Opinion filed June 23, 1902.

**Statement.**—Action on the case for personal injuries. The trial was had upon the first count only, of the declaration, which in effect charges that appellant owned and operated an elevator without adequate guards or surroundings, and that while appellee was rightfully working and being around said elevator, without any negligence upon his part, he was injured by reason of such inadequate guards or surroundings.

The exact language in this count as to the relation of appellee to appellant at the time he was injured is, " and the plaintiff avers that at the time aforesaid, at the place

aforesaid, he was then and there rightfully working and being around and about said elevator and said elevator shaft;" that appellant suffered said elevator and said shaft to be and remain without any adequate guards or protection, " to prevent or hinder the plaintiff or divers the public rightfully about said elevator and elevator shaft in or about said building whilst rightfully around and about said elevator shaft there, from coming into contact with," etc. And for the want of such guards, " and while the said plaintiff was rightfully and with reasonable care on his part around and about said elevator and elevator shaft," he was injured, etc.

The appellant during the trial and at the close of plaintiff's case, moved the court to exclude the evidence in relation to appellee then being an employe of appellant, upon the ground of variance, as the only remaining count of the declaration did not state that the appellee was in the employ of appellant; which motion was denied. Then a motion was made to strike out all of appellee's evidence, because there was no allegation in that count that appellee was in the employ of appellant at the time he was injured; which motion was also denied. A motion to instruct the jury to find for the defendant was also denied. These motions were severally renewed and severally denied at the conclusion of the testimony of appellant. After judgment a motion in arrest of judgment was filed and overruled.

PAM, CALHOUN & GLENNON, attorneys for appellant; ALBERT E. DACY, of counsel.

THEODORE G. CASE and JOHN T. MURRAY, attorneys for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

The first proposition before us is as to the sufficiency of the declaration after verdict. If that be decided against appellee it will not be necessary to look further into the record.

It will be noticed that this declaration does not allege

that appellee, at the time he was injured, was in the employ of appellant. It goes no further than to aver that appellee then was " rightfully working and being around and about said elevator and said elevator shaft."

Whether upon the facts stated in the declaration the appellant owed a duty to the appellee, is a question of law. Gibson v. Leonard, 37 Ill. App. 344–349.

In all actions of negligence the burden is upon the plaintiff to allege and to prove such negligent acts of the defendant as will entitle the plaintiff to recover.    Joliet Steel Co. v. Shields, 134 Ill. 209, 214.

The question is whether this declaration sets out (1) a defective statement of a cause of action, or (2) a statement of a defective cause of action. If the former, it is aided by the verdict; if the latter, advantage may be taken of such defect upon appeal.    1 Chitt. Pl. 681 (9th Am. Ed).

By pleading over and going to trial the defendant does not waive innate and substantial defects in the declaration. Nor are these cured by the statute of amendments and jeofails.    Haynes v. Lucas, 50 Ill. 436; Kipp v. Lichtenstein, 79 Ill. 358; People v. Spring Valley, 129 Ill. 169.

The statement that it became and was the duty of the defendant to do or not to do certain things, is a mere conclusion of law, is not traversable, and is surplusage.    The pleader must state facts from which the law will raise the duty, and show an omission of the duty, and a resulting injury.    Gibson v. Leonard, *supra;* Ayers v. City of Chicago, 111 Ill. 406; Schueler v. Mueller, 193 Ill. 402.

In an action against the master to recover for personal injuries, the plaintiff must show that at the time of the injury complained of the relationship of master and servant existed between the plaintiff and the defendant.    13 Ency. Pl. and Pr. 893; Smith v. The Conde Wifredo, 77 Fed. Rep. 324; Mathews v. Bensel, 51 N. J. L. 30.

" The declaration will be defective if it does not show by express contract, or by implication of law, in respect to the defendant's particular character or situation, etc., stated by the plaintiff, the defendant was bound to do or omit the act in reference to which he is charged."    1 Chitt. Pl. 384.

Where the declaration and the issue joined upon it do not fairly impose the duty on the plaintiff to prove the omitted fact, the omission will not be cured by verdict.   C. & A. Ry. Co. v. Clausen, 173 Ill. 100, 104.

If the declaration does not show a cause of action, nothing waives or cures the error.    Advantage can be taken of it on appeal.    Frank v. Piper, 50 Ill. App. 163, 166; Wilson, v. Baillargeon, 54 Ill. App. 250, 251; Wilson v. Myrick, 26 Ill. 34; Schofield v. Settley, 31 Ill. 515; C. & E. I. Ry. Co. v. Hines, 132 Ill. 161, 165.

Nothing is to be presumed after verdict but what is expressly stated in the declaration, or what was necessarily implied from the facts which it stated.    The cases of presumption are where the plaintiff has stated a case defective in form, but not where he has shown a title defective in itself.    Taylor v. Felsing, 164 Ill. 331, 335.

In Joliet Steel Co. v. Shields, 134 Ill. 209, the declaration alleged that the plaintiff was in the employ of the defendant, a corporation; that he was in the discharge of his duties in repairing a railway track, and that the "defendant, by his servants," negligently placed a certain mold so that it fell upon and crushed plaintiff's foot and leg, etc. The court say :

"In all actions for negligence the burden is upon the plaintiff to allege and prove such negligent acts of the defendant as will entitle the plaintiff to recover.    *    *    * The omission to allege that the defendant's servants causing the plaintiff's injuries were not the fellow-servants of the plaintiff, within the description of such servants, *supra*, was not cured by verdict, because the denial of the allegations of the declaration imposed no duty upon the plaintiff in that respect.    When he had proved that he was injured by the negligence of the defendant's servants, he had proved all that he had alleged."    "The rule being that nothing will be presumed after verdict but what must have been necessarily proved under the averments of the declaration, the court erred in overruling the motion in arrest."

If the appellee at the time he was injured were a mere licensee, or was then and there "rightfully" working for an independent contractor, as well he might be under the

allegations of the declaration, then he could not complain of any defects in these premises. Actionable negligence consists in the failure of the defendant to discharge some duty he owed the plaintiff, by which failure the injury complained of was occasioned. That duty the plaintiff must aver or his declaration will be defective in substance. When the declaration lacks a fact essential to the cause of action, it can not be aided by applying to it the rules of intendment. Nor is his situation bettered by proof, however ample, since there is no allegation upon which that proof can rest. That evidence without a proper allegation is surplusage, is too well settled to call for the citation of authorities.

In this case the ordinary presumptions which obtain after verdict, and by operation of which a defective statement of a good cause of action is said to be cured, were excluded by an instruction presented by the plaintiff and given by the court to the jury, in the following words:

" If the jury believe from the preponderance of the evidence that the plaintiff, while in the exercise of ordinary care, was injured by, or in consequence of, the negligence of the defendant, as charged in the first count of the amended declaration, then you can find the defendant guilty."

This instruction said to the jury, if you find that the plaintiff was in the exercise of ordinary care for his personal safety, and was rightfully working and being around and about said elevator and said elevator shaft at the time he was injured, and that it was negligence for the defendant to leave the elevator and elevator shaft without adequate guards or surroundings, then you can find the defendant guilty. It took from their consideration the vital question whether or not the defendant then and there owed any duty to the plaintiff. It is true that it called upon them to find that he was " rightfully there," but he might have been " rightfully there " in any one of a half dozen ways, and yet no duty be thereby laid upon the defendant to guard him from personal injury at the peril of a suit for damages. It is not enough to charge the

defendant that the plaintiff alleges and proves he was injured by some event which happened upon the premises of the defendant. He must also allege and prove that the defendant there violated a duty it then owed to him.

The judgment of the Superior Court is therefore reversed and the cause remanded.