## JAMES P. HAYNES

*v.*

## HARVEY B. LUCAS.

1. ACTION OF DEBT—*whether it will lie.* A contract for the sale of land, recited that the vendor had sold certain described lands to the purchaser, at a stipulated price, a portion of which was paid cash in hand, and the balance secured by the promissory notes of the purchaser, upon the full payment of which the vendor agreed to convey by deed with warranty. The purchaser, without having paid the notes, brought an action of debt to recover back the money he had paid, declaring specially on the contract, alleging the vendor could not convey by reason of the premises having been sold under incumbrances created by him: *Held*, that covenant, not debt, was the remedy. Debt will lie only for a sum certain or a sum that may be rendered certain by computation. In this case, the action was for the breach of the terms of the agreement, and not for a sum of money *eo nomine* and *in numero.*

2. PLEADING—*carrying demurrer back to a prior pleading.* Where a demurrer is interposed to a bad plea, and that is the only plea filed, the demurrer may be carried back and sustained to a defective declaration.

3. DEFECTIVE DECLARATION—*how availed of.* Where a declaration is so defective that it will not support a judgment, as when it shows on its face that another form of action should have been resorted to, advantage may be taken of the defect, in arrest of judgment, or on error, although a good plea may have been interposed.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. J. M. DURHAM, for the plaintiff in error.

Mr. ANTHONY D. LANE, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, commenced by defendant in error, in the Washington Circuit Court, against plaintiff in

error. The declaration contained one count, which was upon this obligation :

"Know all men by these presents, that I, James P. Haynes, do hereby contract to sell unto Harvey B. Lucas, all the following real estate, to wit: E½ S. E. and S½ N. E., Section 36, T. 2, S. R. 1, W 3 P. M.; and W½ S. W. Section 16, T. 2, S. R, 1, E. 3 P. M., for the consideration of $4,000, which is to me in hand paid, and the receipt whereof is hereby acknowledged; and, whereas, the sum of $3,500 yet remains unpaid, and the said Harvey B. Lucas has this day given me his promissory notes payable as follows, to wit: One note for $250, and one day after date, with ten per cent. interest, and one, etc., for $1,000, one year; and one, etc., for $1,000, two years; and one, etc., for $1,250, four years.

"Now, if the said Harvey B. Lucas, his heirs or assigns, shall well and truly pay to me, the said James P. Haynes, my heirs, executors or administrators, said moneys in manner above set forth, then, upon the full payment thereof, I bind myself, my heirs, executors or administrators, to make, execute and deliver unto the said Harvey B. Lucas, his heirs or assigns, a good warranty deed.

"JAMES P. HAYNES." [Seal.]

The breach is averred to have been, a failure of the plaintiff in error to convey the lands described in the writing obligatory, and that they were encumbered at the time the sale was made, and had been subsequently sold under the incumbrances, and the title had passed from plaintiff in error, whereby he became unable to comply with his agreement; and that the contract had become forfeited, and a right of action had accrued to defendant in error. Plaintiff in error filed a plea of *nil debet*, with a notice that he would rely upon the agreement of defendant in error to pay the balance of the purchase money promptly, so as to enable plaintiff in error to pay and

discharge the incumbrances against the land, which he failed to do, as a defense to the action.

To this plea defendant in error interposed a demurrer, which the court sustained, and plaintiff in error failing to answer further, the court rendered judgment on the demurrer, assessed the damages and awarded execution. The cause is brought to this court on error, and it is urged as ground for a reversal that the court should have carried the demurrer back and sustained it to the declaration.

It will be observed, that this is not a penal bond, nor is there any liquidated sum fixed in it, by which the action of debt could be maintained. That action only lies for a sum certain or a sum that may be rendered certain by computation. 1 Chit. Pl. 108, 8 Am. Ed. It may be sustained on a contract to pay a specified sum per load for wood, the quantity of which is not ascertained; but it is not sustainable for unliquidated damages. *Ib.* Had this writing obligatory been for the payment of a specific sum of money, upon the condition that the obligor had failed to convey according to the agreement, then the action could have been supported. But in this case, the action is for the breach of the terms of the agreement, and not for a sum of money *eo nomine* and *in numero.* There seems to be no doubt that covenant is the proper action for a breach of the agreement contained in this writing obligatory. It would violate the rules of pleading to hold that an action of debt would lie for a breach of this obligation. As the common money counts were not added to the special count, the question is not presented whether the action for money had and received, could be maintained to recover the purchase money paid on the agreement.

Inasmuch as it is the uniform practice to render judgment on demurrer against the party committing the first fault in pleading, the court should have carried the demurrer back and sustained it to the declaration. It disclosed on its face that debt would not lie for the breach of the contract complained of, and hence the declaration was fatally defective.

The authorities to which reference is made, to show that the question of the sufficiency of the declaration could not be raised on this demurrer, do not apply to this case. In the cases referred to, a good plea was filed, while in this, the plea was bad and the court could not do otherwise than sustain the demurrer to it, and having done so, then there was no plea to the declaration, and it would reach this defective count as though no plea had been filed. And in the case of *Wilson* v. *Myrick*, 26 Ill. 35, it is held that if the declaration is so defective that it cannot sustain a judgment, advantage may be taken of the defect in arrest of judgment or on error, although a good plea may have been interposed. As debt will not lie on this writing obligatory, it follows that the declaration is so defective that it cannot sustain the judgment, and hence, even had the plea been good, that defect would be ground of error.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*