## HORACE R. KIPP *et al.*

### *v.*

## LOUIS LICHTENSTEIN.

1. DECLARATION—*when defective, may be taken advantage of on error or in arrest of judgment.* If a declaration is so defective that it will not sustain a judgment, that may be taken advantage of on a motion in arrest of judgment or on error.

2. It is sufficient ground for the reversal of a judgment, that the declaration shows no cause of action.

3. REPEAL OF STATUTE—*effect thereof.* Where the cause of action set out in the declaration was the statutory liability of the trustees of a corporation, alleged to have been organized in 1870, under the act to authorize the formation of corporations, etc., approved February 10, 1849, by reason of the failure to comply with the 12th section of said act: *Held,*

that, as said act of February 10, 1849, was repealed in 1857, there could be no liability incurred under it with respect to a corporation formed in 1870, and the cause of action sued upon was groundless.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. BARNES & MUIR, for the plaintiffs in error.

Mr. MARTIN L. NEWELL, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of debt. To the declaration were filed the plea of "*nil debet*" and several special pleas, to which latter demurrers were sustained, and the defendants abided by their pleas. Judgment was rendered against the defendants, from which they appealed.

It is sufficient, for the reversal of this judgment, that the declaration shows no cause of action.

The declaration avers that the defendants, together with three other persons, on the 29th day of April, 1870, for the purpose of forming a company, under the act of the General Assembly, approved February 10, 1849, entitled "An act to authorize the formation of corporations for manufacturing, agricultural, mining or mechanical purposes," to carry on a general mining business, made and signed a certificate, in writing, stating that they were desirous of becoming a body politic and corporate, to be named the "Minonk Coal Company," etc. (setting out the taking of the several steps prescribed by the statute in such case), and that said persons thereupon became duly incorporated as a body politic and corporate, under said act, by the name of the "Minonk Coal Company;" that the defendants were named in the certificate as the trustees, and that, on the 7th of May, 1870, they organized and commenced the exercise of the powers conferred upon such corporation by the act; that, during the time defendants were acting as trustees, and managing the con-

360 KIPP *et al.* *v.* LICHTENSTEIN. [Sept. T.

Opinion of the Court.

cerns of the company, on the 1st day of October, 1871, the said Minonk Coal Company became indebted to the plaintiff in the sum of $400, etc. (the common money counts), and that, being so indebted, the company, by its said trustees, in consideration thereof, agreed to pay plaintiff the sum, on request.

The declaration then avers that defendants, as such trustees of the company, had failed to make and publish, and file, an annual report of the condition and affairs of such corporation, as required by the 12th section of said act, and that the defendants, by reason of said failure so to make and publish, and file, the said report, became, and still were, jointly and severally liable to pay the plaintiff the said sum of $400, and, being so liable, that the defendants, in consideration thereof, afterward, at the time aforesaid, agreed with the plaintiff to pay him the said sum of money, when requested.

The 12th section of said act of 1849 declares that, in case of failure to make, publish and file the annual report, as therein directed, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made.

The cause of action set forth in the declaration is this supposed statutory liability.

But it was held by this court, in *Culver* v. *Third National Bank*, 64 Ill. 530, that this act of February 10, 1849, was impliedly repealed by the "Act to authorize the formation of corporations for manufacturing, mining. mechanical or chemical purposes," approved and in force February 18, 1857.

There could not, therefore, have been any liability incurred under and by virtue of this 12th section of the act of 1849, subsequently to the passage of the act of February 18, 1857, and so the cause of action sued upon, this supposed statutory liability, is groundless, it being with respect to a corporation alleged to have been formed some time after April 29, 1870.

If the declaration be so defective that it will not sustain a judgment, that may be taken advantage of on a motion in arrest of judgment or on error. *Wilson* v. *Myrick*, 26 Ill. 35; *Schofield* v. *Settley*, 31 id. 515; *Haynes* v. *Lucas*, 50 id. 436.

We do not feel called upon to consider whether, aside from this section of the statute, there might not, under the facts, be a ground of liability against the defendants as partners or joint debtors; it is sufficient to say, that no such cause of action is declared upon.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*