173 100
104a 3373
104a 3375
104a 2382
105a 5601
105a 2602

173 100
106a 9135
107a 12298
e109a 1452

173 100
207 159

173 100
212 4576
212 3577
e214 3245

173 100
215 4431

# The Chicago and Alton Railroad Company

## *v.*

## John Clausen.

*Opinion filed April 21, 1898—Rehearing denied June 8, 1898.*

1. Pleading—*pleading to merits waives right to assign error on overruling of general demurrer.* One desiring to have the action of the trial court in overruling his general demurrer reviewed on appeal should abide by his demurrer, as by pleading to the merits he waives the right to assign such overruling as error.

2. Same—*pleading over does not waive substantial defects in the declaration.* One pleading over after the overruling of his demurrer does not waive such substantial defects in the declaration as would render it insufficient to sustain a judgment, and the question whether such defects exist may be reviewed on appeal.

3. Same—*when defects in pleading are cured by verdict.* A defect in pleading, in substance or form, which would be fatal on demurrer, is cured by verdict where the issue joined is such as necessarily requires proof of the facts so imperfectly stated or omitted, and without which proof it is not to be presumed that the judge would have directed or the jury have returned the verdict.

4. Same—*a verdict will not aid a defective cause of action.* A verdict will aid a defective statement of a cause of action, but will not aid a statement of a defective cause of action.

5. Same—*in action for negligence declaration should aver facts which raise a duty.* It is not sufficient that a declaration in an action for negligence alleges it was defendant's duty to do certain things, but it must state facts from which the law will raise the duty.

6. Same—*what will not render declaration for negligence insufficient to sustain judgment.* The relative rights of carrier and passenger are matters of law, and the fact that the duty alleged in a declaration against a carrier as a conclusion of law does not harmonize with the facts alleged as a breach of the duty does not render the declaration insufficient to sustain a judgment, if it avers sufficient facts to raise the duty the breach of which is alleged.

7. Same—*when declaration is sufficient after verdict.* A declaration against a carrier alleging, in substance, that the plaintiff became a passenger, and while attempting to alight at his destination, using due care, the defendant carelessly and negligently caused the train to be violently started, whereby plaintiff was thrown and injured, is sufficient, after verdict, to sustain a judgment.

8. Appeals and errors—*putting in evidence after refusal of peremptory instruction is a waiver.* A defendant who introduces his evidence after the refusal of his peremptory instruction offered at

the close of the plaintiffs testimony, and who fails to renew the request for such instruction at the close of all the evidence, can not assign its refusal as error on appeal.

9. VARIANCE—*objection of variance must be made in trial court.* The objection of variance, to be preserved as a question of law for review on appeal, must be raised in the trial court and the variance pointed out, to enable the trial court to pass upon it.

10. SAME—*Supreme Court will not presume that variance was a ground for asking peremptory instruction.* Every presumption being in favor of the action of the trial court, the bill of exceptions must show that the question of variance upon which a ruling is asked was presented to the trial court, and the Supreme Court will not presume that the question was argued in support of a motion to exclude or of an instruction directing a verdict.

11. DAMAGES—*whether damages allowed are excessive is a question of fact.* Whether the damages awarded by a jury in an action at law are excessive is a question of fact conclusively settled by the judgment of the Appellate Court.

12. TRIAL—*allowing exhibition of an injury is within the trial court's discretion.* Allowing a personal injury to be exhibited to the jury in an action for damages is primarily within the discretion of the trial court, and the exercise of its discretion in that regard, though it may be questionable, is not ground for reversal unless there has been a clear abuse.

*Chicago and Alton R. R. Co.* v. *Clausen,* 70 Ill. App. 550, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

C. C. & L. F. STRAWN, for appellant.

W. H. KETCHAM, and R. S. MCILDUFF, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee brought this suit against appellant to recover damages for injuries alleged to have been sustained by the starting of a train on which he was a passenger, while he was attempting to get off at appellant's station at Gardner, Illinois. There was a judgment for appellee, which has been affirmed by the Appellate Court.

It is argued at much length that the trial court improperly overruled a demurrer to the first original count and five amended counts of the declaration upon which the case finally went to trial. No error has been assigned upon such ruling on the demurrer, either in the Appellate Court or this court, and none could be so assigned, for the reason that after the demurrer was overruled the defendant pleaded the general issue and thereby raised an issue of fact, which was tried. It has always been the rule in this State that if a party wishes to have the action of a court in overruling his demurrer reviewed in this court he must abide by the demurrer. By pleading over he waives the demurrer and the right to assign error upon the ruling. *Lincoln* v. *Cook,* 2 Scam. 61; *Wann* v. *Mc-Goon,* id. 74; *Nye* v. *Wright,* id. 222; *Dickhut* v. *Durrell,* 11 Ill. 72; *Walker* v. *Welch,* 14 id. 277; *American Express Co.* v. *Pinckney,* 29 id. 392; *Gardner* v. *Haynie,* 42 id. 291; *Ambler* v. *Whipple,* 139 id. 311; *Dunlap* v. *Chicago, Milwaukee and St. Paul Railway Co.* 151 id. 409; *Grier* v. *Gibson,* 36 id. 521; *Hull* v. *Johnston,* 90 id. 604.

Defendant made a motion in arrest of judgment, which was overruled, and that is assigned for error; but having once had the judgment of the court on its demurrer it could not again invoke it for the same reasons by motion in arrest. After a judgment overruling a demurrer to a declaration there can be no motion in arrest of judgment on account of any exception to the declaration that might have been taken on the argument of the demurrer. *Rouse* v. *County of Peoria,* 2 Gilm. 99; *Quincy Coal Co.* v. *Hood,* 77 Ill. 68; *American Express Co.* v. *Pinckney, supra; Independent Order of Mutual Aid* v. *Paine,* 122 Ill. 625.

While the defendant, by pleading over, waived its demurrer and the right to assign error upon the ruling of the court on the demurrer, it did not waive innate and substantial defects in the declaration which would render the declaration insufficient to sustain a judgment, and the question whether it is so far defective may be con-

sidered under the assignments of error. The question which may be thus presented is not as broad as those questions which may be raised by demurrer, for the reason that defects in pleading may sometimes be aided by the pleadings of the opposite party, or be cured by the Statute of Amendments and Jeofails, or by intendment after verdict. The objections made to the various counts of the declaration are, that the statements therein are too general and indefinite in failing to show how the starting of the train operated to throw plaintiff from it and in what manner it was started, and that the various counts allege certain duties on the part of the defendant, and charge the neglect and violation of other duties, and the doing of other acts foreign to the duties so alleged, as the cause of the supposed injuries. So far as the declaration is defective in the respects complained of, the defendant's plea of the general issue, of course, could not aid or supply any omission or informality therein. It is also true that the Statute of Amendments and Jeofails does not extend to cure defects which are clearly matters of substance. It provides that judgment shall not be reversed for want of any allegation or averment on account of which omission a special demurrer could have been maintained, but it does not protect a judgment by default against objections for matter of substance. Many such objections, however, have always been cured, at the common law, by a verdict. At the common law, independently of any statute, the rule was and is, "that where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection

or omission is cured by the verdict." (1 Chitty's Pl. 673.) This rule was quoted and approved in *Keegan* v. *Kinnare,* 123 Ill. 280, and *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161. The intendment in such case arises from the joint effect of the verdict and the issue upon which it was given, and if the declaration contains terms sufficiently general to comprehend, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of an express statement of it in the declaration is cured by the verdict. Under this rule a verdict will aid a defective statement of a cause of action, but will never assist a statement of a defective cause of action. (1 Chitty's Pl. 681.) Where the declaration and the issue joined upon it do not fairly impose the duty on the plaintiff to prove the omitted fact, the omission will not be cured, (*Joliet Steel Co.* v. *Shields,* 134 Ill. 209,) and if, with all the intendments in its favor, the declaration is so defective that it will not sustain a judgment, such defects may be taken advantage of on error. (*Wilson* v. *Myrick,* 26 Ill. 34; *Schofield* v. *Settley,* 31 id. 515; *Chicago and Eastern Illinois Railroad Co.* v. *Hines, supra; Culver* v. *Third Nat. Bank,* 64 Ill. 528.) The rule was applied in *Haynes* v. *Lucas,* 50 Ill. 436, and the judgment was reversed. That was an action in debt on a contract for the sale of land, and a plea of *nil debet,* which was bad, had been filed, but it was said that if the plea had been good the defect would be ground of error. So in *Kipp* v. *Lichtenstein,* 79 Ill. 358, the declaration was so defective that it would not sustain a judgment, and it was held that the objection might be taken on error. That was an action of debt on a supposed statutory liability, and the statute had been repealed. It was held sufficient ground for the reversal that the declaration showed no cause of action. In *People* v. *City of Spring Valley,* 129 Ill. 169, there was an information under which the judgment would be one of ouster against the corporation for not having been legally

organized, and the information admitted that it was legally organized. The information was held so defective that it could not support a judgment, and it was said that such defect might be availed of on error even after a demurrer to a declaration had been overruled and the defendant had pleaded over. Such an objection is not waived by pleading, and a party who has no cause of action cannot sustain a judgment in his favor.

When these rules are applied to the declaration in this case, we are satisfied that, although not very well drawn, it is clearly sufficient to sustain the judgment. So far as its allegations that it became and was the duty of the defendant to do certain things are concerned, they are mere conclusions of law, which are not traversable. It is not sufficient in a declaration to allege that it is the duty of the defendant to do certain things, but the declaration must state facts from which the law will raise the duty. (*Ayers* v. *City of Chicago*, 111 Ill. 406.) The relative rights and obligations of plaintiff and defendant, as passenger and carrier, are matters of law, and the objection that the duty alleged as a conclusion of law does not harmonize with the fact averred as a breach of the duty does not render the declaration insufficient to sustain the judgment, if it contains facts sufficient to raise the duty of which a breach is alleged. It is averred that the plaintiff became a passenger on the passenger train of defendant at Dwight, to be carried from that place to Gardner, and that while he, with due care, caution and diligence, was about to alight from the train at Gardner, the defendant carelessly and negligently caused the train to be violently and suddenly moved forward, and thereby he was thrown from and off the train to and upon the wooden platform of defendant and thereby injured; and in different counts it was alleged that defendant did not stop the train at Gardner a sufficient length of time to receive and let off passengers, but suddenly started the train, whereby plaintiff, who was attempting to alight, was thrown off and

injured.  Under the issue joined the declaration was sufficient after verdict.

At the close of plaintiff's evidence defendant entered a motion to exclude it, and offered an instruction that the jury should find the defendant not guilty.  The court denied the motion and refused to give the instruction, and the defendant thereupon proceeded to offer evidence in its behalf.  The motion was not renewed or the instruction asked at the close of all the evidence, and the defendant thereby abandoned its motion and instruction and can not complain of the action of the court in that regard. (*Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 Ill. 59; *Harris* v. *Shebek,* 151 id. 287.)  The questions of fact which are argued cannot therefore be considered in this court for the purpose of determining whether there was sufficient evidence to raise an issue for the jury.

It is next complained that the court improperly permitted plaintiff to exhibit to the jury a rupture alleged to have been caused by the accident.  It is primarily within the discretion of the trial court to permit an injury to be shown to the jury for any legitimate and proper purpose that will aid in the determination of the issue, and this is conceded by counsel; but it is contended that in this case there was an abuse of discretion, because the existence of the rupture, and the nature and extent of it, were not controverted by the defendant,—and this was stated to the court when it was proposed to make the exhibition. It is questionable whether the exhibition was proper under the circumstances, and whether its only effect would not be to excite feeling rather than to aid in settling any disputed question; but we do not feel prepared to say that such was the case, or that there was a clear abuse of the discretion confided to the trial court.

It is also argued that there was a variance between the declaration and the evidence as to the manner in which the injury occurred.  This question was not raised in the trial court by objection to the evidence when of-

fered nor by motion to exclude it, nor on the motion to direct the verdict at the close of plaintiff's evidence. The objection of variance, when presented as one of law for review, must be raised in some way upon the trial and pointed out, so as to enable the trial court to pass upon it. *Libby, McNeill & Libby* v. *Scherman,* 146 Ill. 540; *Harris* v. *Shebek, supra.*

Although the alleged variance was not a ground of the motion to exclude plaintiff's evidence and direct a verdict, it is insisted that this court should presume that it was argued to the trial court on that motion. That is not the rule, but every presumption is in favor of the action of the trial court, and the bill of exceptions must show that the question of variance upon which a ruling was asked was presented to the court.

It is claimed that the damages allowed were excessive; but that is a question of fact settled by the judgment of the Appellate Court.

It is said that some of the instructions given at the instance of the plaintiff were erroneous, but we do not think that they are objectionable.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*