## Henry O. Tonsor et al., Appellees, v. Fidelity & Deposit Company of Maryland, Appellant.

1. PLEADING—*when declaration upon bond insufficient.* In an action upon an indemnity bond by which the only obligation assumed was to indemnify the plaintiffs against any loss that they might sustain by reason of any personal act of larceny or embezzlement committed by the incumbent of a public office, a .declaration is insufficient which contains no averment that such incumbent committed an act of larceny or embezzlement.

2. PLEADING—*when plea after demurrer overruled does not cure declaration.* A defendant by pleading over waives error in overruling a demurrer but does not waive substantial defects contained in the declaration.

3. ASSIGNMENTS OF ERROR—*when sufficient to save question of sufficiency of declaration.* The question whether a declaration is substantially insufficient may be considered under the assignments of error that the court erred in rendering judgment against the defendant.

4. PRACTICE—*when propositions of law inartificial.* A proposition of law should state a rule of law only and in no case assume the existence of facts in dispute.

5. BONDS—*what sufficient to establish liability under indemnity.* An indemnity bond which insures against loss arising from embezzlement or larceny by the incumbent of a public office may be enforced by proof that such incumbent took money with felonious intent to convert it to his own use; it is not essential that there shall be proof of any malice, malignity, villainy or depraved heart; the burden, however, to establish the embezzlement or larceny is upon the obligees in the bond.

Action of debt. Appeal from the City Court of East St. Louis;

the Hon. M. MILLARD, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

JOHN J. BRENHOLT and E. W. EGGMANN, for appellant.

B. H. CANBY, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment recovered against appellant in an action of debt by appellees, Henry O. Tonsor et al.

On January 27, 1905, one Green Parker having been elected township collector for the town of Alton, and being required to furnish an official bond in the penal sum of $280,000, arranged with appellees to become his sureties, and to secure them against loss for any personal act of larceny or embezzlement by him during his term of office, he gave appellees an indemnity bond in the penal sum of $50,000, which bond was furnished by appellant as the surety of Green Parker.

There came into the hands of Parker as such collector the sum of $1,045.52 in excess of his commissions which sum he retained and did not pay according to the conditions of his official bond, whereupon suit was brought against him and the appellees as his sureties. A judgment was recovered and appellees were compelled as such sureties to pay the amount so retained and not paid over; also interest and costs.

It is alleged in the declaration that appellant by its bond obligated itself to secure appellees against any loss they might sustain by reason of any personal act of larceny or embezzlement by said Green Parker in the discharge of his duties as such collector; that said Parker collected moneys as such collector and retained the sum of $2,545.52 as his commission; that the town of Alton brought suit against him and appellees his sureties on said collector's bond to recover the sum of

$1,045.52 retained by Parker in excess of his lawful salary of $1,500. The declaration further averred appellees had no notice of the retention of said sum until served with summons when they immediately gave notice to appellant, and that they would hold it responsible; that they defended said suit in which judgment was finally rendered against them for the amount and costs; that Parker did not pay said judgment and that appellees did pay it; that they paid out the sum of $1,500 in defending the suit, and praying for judgment.

A general and special demurrer was interposed to the declaration, and for one of the causes of demurrer it was alleged there was no sufficient assignment of a breach of the writing obligatory declared on, which writing was made part of the declaration.

The demurrer was overruled and appellant pleaded over that there was a non-compliance with the terms of the bond on the part of appellees in failing to give notice with full particulars and in failing to file an itemized statement, and in failing to make claim of loss as required, and that appellees without consent of appellant entered into an agreement with Parker, whereby he withdrew from the bank the sum of $1,045.52 deposited there to secure appellees. The pleas further averred there was no waiver of any of the conditions of the bond. Replications were filled traversing the pleas. Upon the issues thus made, a jury was waived and the court upon hearing the evidence, found the issues for appellees assessing the damages at the sum of $1,820.39, upon which a judgment was rendered.

The action was debt on specialty, and without setting forth the several conditions of the bond, it is sufficient to say the only indemnity undertaken and assumed by appellant was to indemnify appellees against any loss they might sustain by reason of any personal act of larceny or embezzlement committed by Parker in the discharge of his duties as such collector. There was no averment in the declaration that Parker committed any

act of larceny or embezzlement, and therefore no breach of the condition of the bond was assigned, and the court should have sustained the demurrer. That Parker was so guilty was not confessed by the pleas, and there was no issue before the court presenting the question of appellant's liability arising upon the obligation of the bond.

The declaration was insufficient to sustain a judgment, and while appellant by pleading over waived its demurrer and the right to assign error on the court's ruling on the demurrer, it did not waive substantial defects in the declaration which would make the declaration insufficient to sustain the judgment. And the question whether it was so insufficient may be considered under the assignments of error upon the record that the court erred in rendering judgment against appellant. C. & A. R. R. Co. v. Clausen, 173 Ill. 100. The cause was tried by the court without a jury and there was an exception to the rendition of the judgment. Section 61 of the Practice Act provides that "Exceptions taken to the decisions of the court upon the trial of causes in which both parties agree that both matters of law and fact may be tried by the court * * * shall be deemed and held to have been properly taken, and allowed and the party excepting may assign for error * * * any decision so excepted to, whether such decision relates to receiving improper or rejecting proper testimony, or the final judgment of the court upon the law and the evidence."

Error is assigned upon the court's ruling on propositions of law. The court held for appellees that the evidence showed a waiver by appellant of the requirements of the bond as to notice by registered letter and as to filing an itemized claim sworn to. Whether there was a waiver was a fact in dispute and while we would not be disposed to regard the holding of the proposition error if supported by the facts, still a proposition of law should state a rule of law only and in no case assume the existence of facts in dispute. Lord v. The

Board of Trade of Wichita, 163 Ill. 45.   There was no error in refusing the 6th, 7th, 8th, 9th and 10th propositions asked.   They were all immaterial except the 10th and that was defective in not having in it the element of waiver.

By proposition No. 11, the court was asked to hold that it was incumbent on appellees to prove that as collector he was guilty of personal acts of embezzlement or larceny of the funds of the town of Alton during the period from January 23, 1905, to May 1, 1905.   It was incumbent on appellees to prove Parker was guilty of acts which in law constituted larceny or embezzlement of the funds coming into his hands as collector during such period.   By the terms of the bond the indemnity was limited to such period and the court should have held the proposition.

By the 13th proposition refused, the court was asked to hold that to constitute larceny or embezzlement in the meaning of that term as used in the bond in issue, there must be a felonious stealing, taking and carrying away of the personal goods of another, and that the act must be malignant, malicious, villainous or proceed from a depraved heart or evil purpose.   The material question was whether Parker as collector had been guilty of larceny or embezzlement of the money and this was all the proposition needed to contain.   It was not essential there should be any malice, malignity, villainy or depraved heart to constitute larceny.   If he took the money with the felonious intent to convert it to his own use, it was larceny.   The proposition was properly refused.

We think the 14th and 15th propositions state correct principles and should have been held.   We are unable to find any sufficient evidence upon which to base the 16th proposition refused.   The court should have held the 17th proposition and properly refused the 18th.   There was evidence tending to show a waiver and this element should have been incorporated in the 18th.

In view of the necessity of another trial of this case, we have given some consideration to the propositions of law held and refused. The case seems to us to involve only the question of the embezzlement or larceny by Parker (of the funds received by him as collector) between January 23, 1905, and May 1, 1905, and whether there was a failure to comply with the conditions of the bond as averred in the pleas, and if there was a failure whether there had been a waiver of such conditions. By the terms and conditions of the bond, the burden is upon appellees to show by a preponderance of the evidence that there was an embezzlement or larceny by Parker of the funds received by him as collector during the time aforesaid, and if there were any breaches of the conditions of the bond that they were waived, and that appellees have been compelled to make good the money so stolen or embezzled.

We express no opinion as to the evidence upon these questions and the judgment is reversed and remanded with directions to sustain the demurrer to the declaration.

*Reversed and remanded.*