## Dan Seibert, Appellee, v. The Vandalia Railroad Company, Appellant.

1. PLEADING—*effect of verdict.* A verdict will aid a defective statement of a cause of action but will not aid the statement of a defective cause of action.

2. NEGLIGENCE—*averments necessary to sustain action.* The averments necessary to show a cause of action where injury from negligence is charged are the existence of a duty on the part of defendant to protect plaintiff from the injury complained of, a failure of the defendant to perform that duty, and an injury to the plaintiff resulting from such failure.

3. NEGLIGENCE—*defendant's duty to exercise reasonable care.* A declaration which avers that defendant had an unloading track and had placed cars loaded with brick thereon for the purpose of being unloaded and that plaintiff with a co-worker was engaged unloading brick from a car into a wagon and had been so engaged all the day before the injury complained of and also on the day of the injury up to two o'clock in the afternoon, contains sufficient allegations of plaintiff's right to be at the place at the time of the injury, if proven, to show a duty resting on defendant to exercise reasonable care not to injure him.

4. APPEALS AND ERRORS—*variance.* A question of variance between the declaration and the evidence as to the manner in which the injury occurred must be raised at the trial in order to be considered by the court of review.

Appeal from the Circuit Court of Fayette county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 10, 1913.

BROWN & BURNSIDE, for appellant.

JOHN A. BINGHAM, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The main contention of appellant is that the declaration in this case does not state a cause of action; the point urged being that the declaration contains no allegation to show appellee's right and that appellant owed him a corresponding duty, or that appellant had

by any wrongful act violated a right of appellee or any duty it owed to him.

There were two counts in the declaration in this case. No question of the sufficiency of the declaration was raised by demurrer or by any other appropriate motion at any time before trial or before judgment was entered in this case. The substantial allegations of each count of the declaration are: that the plaintiff and one Souders were engaged in unloading brick from the defendant's freight car which was standing on one of the side tracks or unloading tracks of the defendant's railroad in the city of Vandalia; that said freight car was placed upon said unloading track by defendant for the purpose of being unloaded, and that the plaintiff and the said Souders were unloading brick from said car on May 26, 1911, and continued to unload brick from said car all of said day and on the following day, May 27, 1911, resumed their said unloading of the remainder of said brick from said car and continued so to do up to about the hour of two o'clock in the afternoon of said day, and while so unloading said brick from said car so placed by the defendant's servants, into a wagon drawn up to the side of said car by horses and while plaintiff was standing with one foot inside of said car door and the other resting on the wagon so drawn up to the side of said car and while so standing and exercising all due care for his own safety, catching the brick as said Souders would throw them from the inside of said freight car to plaintiff and the plaintiff catching them as they were so thrown to plaintiff by Souders and placing them in the wagon on which the plaintiff's foot was so resting and while in the exercise of reasonable care for his own safety, that the defendant there negligently and wrongfully by their servants carelessly and without warning or notice to the plaintiff or the said Souders, drove said locomotive engine and cars thereto attached into and upon said unloading track from which the plaintiff and said Souders were unloading brick and

that by and through said negligent and improper conduct of the defendant's servants in that behalf the said locomotive engine and cars thereto attached ran and struck with great force and violence upon and against said car in which the plaintiff was then and there unloading said brick and thereby the plaintiff was then and there thrown from where he was standing, out of said car door to the ground and was thereby then and there greatly bruised, hurt and wounded, etc.

The declaration in this case although not artistically drawn, contains averments, which state a cause of action. Even though the averments in the declaration are defectively stated, still under the well known rule that a verdict will aid a defective statement of a cause of action but will not aid the statement of a defective cause of action, it would have to be upheld in this case after verdict. Chicago & A. R. Co. v. Clausen, 173 Ill. 100; Gerke v. Fancher, 158 Ill. 375; Lake Shore & M. S. R. Co. v. Enright, 227 Ill. 403.

The averments of the declaration that the appellant had an unloading track where freight was unloaded and had placed the particular car which was being unloaded by the appellee on said unloading track for the special purpose of being unloaded of the brick which it contained and that the appellee had been engaged at that particular work all the day previous to the day of the injury and the greater part of the day on which he was injured are sufficient allegations from which could be inferred a permission to the plaintiff to enter upon appellant's right of way with team and wagon and engage in the work in the manner and at the time and place as shown by the evidence he was so engaged when the injury is alleged to have been received.

The averments necessary to show a cause of action, where injury from negligence is charged are "(1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to per-

form that duty; (3) an injury to the plaintiff resulting from such failure. When these three elements concur they unitedly constitute actionable negligence, and the absence of any one of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence." McAndrews v. Chicago, L. S. & E. R. Co., 222 Ill. 232.

The averments of the declaration that the appellant had an unloading track and had placed cars loaded with brick thereon, for the purpose of being unloaded and appellee with a coworker was engaged unloading brick from the car into a wagon and had been so engaged all the day before the injury complained of, and also on the day of the injury up to two o'clock in the afternoon, are sufficient allegations of appellee's right to be at the place where he was at the time of the alleged injury. And if proven are sufficient to show a duty resting on appellant to exercise reasonable care and caution not to injure him. Under the evidence it is reasonably inferred that an implied invitation was given appellee to enter on the right of way to unload the car.

The reasoning in the opinion in the case of McAndrews v. Chicago, L. S. & E. R. Co., *supra,* wherein the court held the declaration did not state a cause of action is relied on to work a reversal in this case.

The allegations of the declaration in the *McAndrews* case, *supra,* were meager and failed to show any facts from which it would appear that the railroad owed the plaintiff any duty. From the allegations in this case the following facts appear. The defendant had main tracks and a spur or unloading track. Defendant placed a car loaded with brick on the unloading track. It was placed there to be unloaded. It was placed there at least two days before the injury. Plaintiff had been at work unloading the car for nearly two days when he was injured.

Defendant without notice or warning pushed cars onto the unloading track while plaintiff, with wagon

and team was there at work unloading the cars. The defendant is chargeable with knowledge of the purpose for which the loaded car was on the spur track, and that unloading at that place, meant the work of men and the use of teams. The defendant therefore owed plaintiff a duty to exercise reasonable care not to injure him.

Appellant also urges reversal, on the grounds that there is a variance between the declaration and the evidence as to the manner in which the injury occurred.

This question was not raised on the trial, either by objection or motion to exclude the evidence, nor on motion to direct a verdict for defendant at close of plaintiff's evidence, or in the arrest of judgment. It comes too late for consideration here even though appellant's contention of variance should be conceded, which is not the case.

"The objection of variance, when presented as one of law for review, must be raised in some way upon the trial and pointed out, so as to enable the trial court to pass upon it." Chicago & A. R. Co. v. Clausen, 173 Ill. 100; Libby, McNeill & Libby v. Scherman, 146 Ill. 540.

We are therefore of the opinion that no sufficient error appears on this record to justify a reversal of the case and the cause will be affirmed.

*Affirmed.*