## Hyman Shein, Appellee, v. John R. Thompson Company, Appellant.

### Gen. No. 27,218.

1. PLEADING—*effect of pleading over after overruling of demurrer*. A defendant, by pleading over after the overruling of his demurrer to the declaration, waives the right to assign error upon the ruling on the demurrer but he does not thereby waive innate and substantial defects in the declaration which render it insufficient to sustain the judgment.

2. PLEADING—*effect of verdict upon declaration not stating cause of action*. Defects in a declaration whereby it fails to state a cause of action are not cured by verdict.

3. MASTER AND SERVANT—*liability for servant's tort dependent upon act in scope of employment*. To render a master liable for the tort of his servant, it must be shown that at the time of the alleged tortious act the servant was acting within the scope of his employment.

4. MASTER AND SERVANT—*allegation of existence of relation in action for servant's tort*. In an action by the patron of a lunch room against the owner for an assault committed by a servant, the bare allegation that, while plaintiff was seated in the lunch room, one of the servants of defendant threw a plate or dish and struck plaintiff therewith, injuring him, was defective in that it failed to allege that the relationship of master and servant existed at the time of the injury and that it existed with respect to the particular transaction.

5. MASTER AND SERVANT—*alleging act in scope of employment in action for servant's tort*. Allegations, in the declaration in an action against the owner of a lunch room for an assault upon plaintiff by a servant, that defendant owned the lunch room, that the room was in charge of his servants, that one of the servants served plaintiff when he entered the lunch room and that, while plaintiff was seated, one of the servants of defendant threw a plate or dish and struck plaintiff, were insufficient to support an inference that the servant who threw the dish was acting as a servant at the time or even that he was one of the servants in charge of the lunch room.

Appeal from the Circuit Court of Cook county; the Hon. FREDERIC R. DE YOUNG, Judge, presiding. Heard in this court at the October term, 1921. Reversed. Opinion filed June 26, 1922.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

MAX M. GROSSMAN and ROBERT S. COOK, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant below from a judgment in the sum of $1,429 entered by the court upon the verdict of a jury in an action on the case. At the close of plaintiff's evidence and again at the close of all the evidence the defendant made a motion in writing to exclude the evidence from the jury and to instruct the jury to find the defendant not guilty, which motion was denied, as were motions of the defendant for a new trial and in arrest of judgment.

Appellant insists that the declaration is insufficient to sustain the judgment, and as this point is controlling, if sustained, it will be first considered. The declaration was in a single count, which was as follows:

"For that whereas, the defendant on, to wit, the 19th day of January, A. D. 1917, at, to wit, the City of Chicago, County of Cook and State of Illinois, was engaged in the restaurant and lunch room business in said city, and owned, operated and controlled a certain lunch room at, to wit, Michigan avenue near 12th street, in said city which said lunch room was in charge of divers servants of the said defendant.

"Plaintiff further avers that on, to wit, the 19th day of January, 1917, he entered the aforesaid lunch room for the purpose of being served therein.

"Plaintiff further avers that he was served by one of the servants of the said defendant and he was then and there partaking of a certain meal in the aforesaid lunch room and while he was seated therein, it thereby became and was the duty of the defendant and its servants to so conduct themselves so as not to injure the plaintiff who was then and there in the exercise of all due care and caution in the aforesaid lunch room and who was then and there eating his meal for

which he agreed to pay the defendant then and there the customary and usual prices therefor as provided and specified by the said defendant.

"Plaintiff further avers that while he was so seated in the aforesaid lunch room, one of the servants of the defendant threw a plate or dish and struck the plaintiff therewith on the head and face and thereby then and there broke the plaintiff's nose and cut his face and the plaintiff then and there received a great many cuts on divers parts of his head, cheeks and face. By reason whereof the plaintiff suffered great pain and mental anguish and was compelled to and did receive medical and surgical treatment."

It is urged that this declaration fails to state a cause of action, because it does not allege that the servant of the defendant was engaged upon his master's business and acting within the scope of his employment at the time of the act which is supposed to constitute the alleged tort; nor does it allege facts showing a situation from which such allegations might be inferred; and further, that the declaration does not contain any allegation of any breach of a duty owed by the defendant to the plaintiff. The record shows the defendant interposed a demurrer to the declaration, which was overruled, and that it did not elect to stand by its demurrer but pleaded over, and the plaintiff below now says that "after a judgment overruling a demurrer to a declaration, there can be no motion in arrest of judgment on account of any exception to the declaration that might have been taken on the argument of the demurrer."

This is not the law as we understand it. The defendant by pleading over, it is true, waives the right to assign error upon the ruling of the court on the demurrer, but this does not waive innate and substantial defects in the declaration which render it insufficient to sustain the judgment. The law is so stated in a case which appellee cites and relies on. *Chicago & A. R. Co. v. Clausen,* 173 Ill. 100, and the same

rule is stated in many other cases cited by the defendant. *Gillman v. Chicago Rys. Co.*, 268 Ill. 305; *People v. Powell*, 274 Ill. 222; *Tonsor v. Fidelity & Deposit Co. of Maryland*, 158 Ill. App. 515; *Chicago, R. I. & P. Ry. Co. v. People*, 217 Ill. 164.

The precise question here is, therefore, whether the declaration is sufficient to sustain the judgment after verdict. The rule of law applicable is stated in *Sargent v. Baublis*, 215 Ill. 428:

"Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet if the issue be such as necessarily required, on the trial, proof of the facts as defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict. (1 Chitty Pl., page 673.) Where the statement of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor, because, 'to entitle him to recover, all circumstances necessary, in form or in substance, to complete the title so imperfectly stated must be proved at the trial,' and it is therefore 'a fair presumption that they were proved.' But where no cause of action is stated, the omission is not cured by verdict, for as no right of recovery was necessary to be proved or could have been legally proved under such a 'declaration, there can be no ground for presuming that it was proved at the trial.' (Gould's Pl. 463; *Chicago & E. I. R. Co. v. Hines*, 132 Ill. 161; *Chicago & A. Ry. Co. v. Clausen, supra; Baltimore & O. S. W. Ry. Co. v. Keck*, 185 Ill. 400; *City of Chicago v. Lonergan*, 196 Ill. 518.)

"A verdict will aid a defective statement of a cause of action by supplying facts, defectively or imperfectly stated or omitted, which are within the general terms of the declaration, but where no cause of action is stated, the omission is not cured by the verdict. If, with all the intendments in its favor, the declaration is

so defective that it will not sustain a judgment, such defects may be taken advantage of on appeal or error.''

Tested by these rules, does the declaration state a cause of action? In the first place, it is apparent that the theory upon which plaintiff brings his action is that of *respondeat superior*. Ordinarily and as a general rule a master is not liable in tort for the acts of his servant; it must be made to appear in such cases that the servant at the time of the alleged tortious act was acting within the scope of his employment. We understand the rule to be that in order to make a master liable, it is necessary to show, first, that the tort-feasor was the servant of the defendant; second, that such relationship existed at the time of the injury; and third, that such relationship existed with respect to the particular transaction from which the tort arose. *Johnson v. Wm. Johnston Printing Co.*, 263 Ill. 236.

The declaration in this case alleges that the tort-feasor was the servant of defendant; it does not allege that the relationship existed at the time of the injury, and it does not allege that the relationship existed with respect to the particular transaction from which the tort arose. The bare allegation is that while the plaintiff was seated in the lunch room, one of the servants of the defendant threw a plate, or dish, and struck the plaintiff therewith on the head and face, injuring him, etc.

Nor do we think that any facts are alleged in the declaration from which these necessary relationships might be implied or inferred. It is alleged that the defendant owned the lunch room, and that the room was in charge of its servants; that one of these servants served the plaintiff when he entered the restaurant, but from these facts it cannot be implied that the particular servant who threw the dish was even one of these alleged to have been in charge of the

lunch room. Every one of these allegations is entirely consistent with the theory that a servant of the defendant in nowise connected with the lunch room threw the dish. Much less can it be inferred, we think, from these allegations that the particular servant who threw the dish was acting within the scope of his authority or about his master's business when he threw it. Very much in point is the case of *Klugman v. Sanitary Laundry Co.*, 141 Ill. App. 422. In that case the declaration alleged that the defendant operated a laundry, and employed in its business a certain servant, who called at the house of customers to take and return articles of clothing; that the defendant "through its said servant called upon and was upon the premises of plaintiff for the purpose of delivering a certain package of clothing that had been laundered by defendant for a certain reward to be paid by plaintiff to defendant, and when the plaintiff was in the act of quietly, gently and peacefully receiving said package, the defendant's servant aforesaid, suddenly, wrongfully and wilfully and without just cause, accused plaintiff of attempting to defraud defendant. And said servant used vile and opprobrious language towards plaintiff, cursed and abused her in loud tones, and grasped plaintiff by the shoulder, throwing plaintiff down to and upon the floor there, and struck her divers severe blows upon the face and body." Mr. Presiding Justice Baker, delivering the opinion of the court, said:

"This is not an allegation that the assault was committed by the servant of the defendant while acting for the defendant in the prosecution of its business and within the scope of his employment. It is entirely consistent with the allegation of the declaration that the servant beat the plaintiff because he had a quarrel with her, and that he was not doing nor attempting to do any act in the prosecution of the business of the defendant, in the line of his employment, when he made the assault."

The opinion quoted with approval *McCann v. Tillinghast,* 140 Mass. 327, which case is relied upon by the appellant here.

The general rule is, we think, well stated in Encyc. Pl. & Pr., vol. 13, p. 922, as follows:

"In an action against a master to recover for injuries caused by a servant, the complaint must show that the relationship of master and servant existed at the time of the injury. * * * It must also be shown that the servant was acting within the scope of his employment at the time of the injury; but a direct averment to this effect is unnecessary if the necessary implication from the facts stated is that the servant committed the act complained of while acting within the scope of his duties."

We are unable to find in this declaration any statement of fact from which it would, by good and necessary inference, be deduced that the servant of defendant was acting within the scope of his employment at the time of the alleged tortious act, and we therefore conclude that the declaration is insufficient to support the judgment even after verdict. Our conclusion makes it unnecessary to discuss other points in the case, but we will add that we have carefully examined the evidence, and our opinion is that, as a matter of fact, these necessary and material averments were not sustained by any competent evidence. The judgment is therefore reversed.

*Reversed.*

McSURELY, P. J., and DEVER, J., concur.